IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

**NATIONAL FIRE INSURANCE
COMPANY OF HARTFORD,**
as Subrogee, a foreign corporation

    Plaintiff,                                  Case No. 2:19-cv-14050

vs.

**JOHNSON CONTROLS FIRE
PROTECTION LP, formerly known
as SimplexGrinnell LP, a foreign
limited partnership**

    **Defendant.**
_____/

## COMPLAINT

Plaintiff National Fire Insurance Company of Hartford sues Defendant Johnson Controls Fire Protection LP, upon the following actions and allegations.

### PARTIES, JURISDICATION & VENUE

1. Plaintiff National Fire Insurance Company of Hartford ("National Fire") is, and at all material times has been, a corporation established and headquartered in the state of Illinois.

2. Defendant Johnson Controls Fire Protection LP ("Johnson Controls"), formerly known as SimplexGrinnell LP, is, and at all material times has been, a limited partnership established and headquartered in the state of Florida.

3. Johnson Controls specified the pipe which ruptured and caused the property damage alleged in this complaint.

4. The pipe rupture and all ensuing damage occurred within this District.

5. Subject matter jurisdiction is proper in this Court under 28 USC §1332, because National Fire has suffered and claims damages of at least $75,000, exclusive of interest and

1

costs, and because National Fire is not a citizen of the same state as the Defendant.

6.     Personal jurisdiction over the Defendant exists in this Court because the Defendant does business in Florida, committed tortious acts in Florida, at all material times has had substantial contacts with Florida.

7.     Venue is proper in this District under 28 USC §1391, because the substantial part of the events or omissions giving rise to National Fire's claim occurred in Florida.

8.     All conditions precedent to bringing this action has occurred, or has been satisfied or waived.

## FACTUAL ALLEGATIONS

9.     At all material times, National Fire was the commercial liability insurer of Empire Roofing Company Southeast, LLC ("Empire Roofing").

10.    On or about February 29, 2016, Empire Roofing was performing work at a project known as Marina Village at Grand Harbor Tower II in Vero Beach, Florida.  Marina Village at Grand Harbor Tower II is a four-story, six-unit condominium.

11.    While performing work at the project, an employee of Empire Roofing was walking on the joists in an attic area above Unit 402.  While doing so he stepped onto a fire sprinkler system pipe.  The pipe ruptured, causing widespread water damage throughout the building.

12.    The pipe that failed was made of chlorinated polyvinyl chloride ("PVC"), and, pursuant to applicable building codes and industry standards and customs, was inappropriate for use in building's fire protection system.

13.    In addition, the pipe had been significantly weakened, a condition that would have been revealed by an adequate inspection of the fire protection system. The resin used to create the PVC pipe breaks down when exposed to common construction materials like anti-corrosives,

antimicrobials, pesticides, termiticides, joint compound, adhesives, fire retardants, and other common construction products. Additionally, when the PVC pipe is used in conjunction with metallic pipe and other elements commonly and necessarily used in fire protection systems, the anti-microbial and anti-corrosion compounds used in metal piping reacts with the PVC, breaking down the PVC pipe's resin causing the pipes to weaken and ultimately fail.

14. For many years, Johnson Controls conducted annual inspections and testing of the fire protection system. Through its regular inspections and testing, Johnson Controls knew or should have known that the use of the PVC piping in the fire protection application posed a variety of risks to property and human life, but failed to notify the building owner despite a clear duty to do so.

15. Similarly, Johnson Controls had a duty to notify the owner of any weakened or improper piping, but failed to do so.

16. Properly specified and adequate-strength piping would not have given way at the time the Empire Roofing employee was performing services at the site.

17. Had Johnson Controls duly notified the owner of the defects in the fire protection system, the owner would have replaced the improper and weakened piping, and would not have placed contractors like Empire Roofing in harm's way, and would not have permitted the safety of their property to remain jeopardized.

18. As a result of Johnson Controls' failure to adequately inspect the fire protection system, the owners of Marina Village at Grand Harbor Tower II suffered extreme property damages.

19. By virtue of Plaintiff's status as liability insurer of Empire Roofing, Plaintiff was required to protect the interest of its insured by reimbursing and/or funding the Marina Village at Grand Harbor Tower II owners' repairs and damages.

20. Plaintiff has paid the entire sum necessary to restore the Marina Village at Grand Harbor Tower II owners' property, a total of more than $700,000.

21. Plaintiff paid the amounts necessary to restore the Marina Village at Grand Harbor Tower II owners' property because it was legally, contractually and equitably required to do so, and not as a volunteer.

22. Had Empire Roofing not purchased liability insurance from Plaintiff, Empire Roofing would have possessed the present claims against Johnson Controls. By virtue of Plaintiff's payment of sums on Empire Roofing's behalf, Plaintiff stands in Empire Roofing's shoes for such claims.

23. Recognizing a right of subrogation in favor of Plaintiff will work no prejudice or injustice toward anyone, and the refusal to do so would create an extreme and inequitable prejudice to Plaintiff and an extreme and inequitable windfall for Johnson Controls.

## COUNT 1 – NEGLIGENCE

24. Plaintiff incorporates and realleges the allegations of the above paragraphs 1 through 23.

25. By failing to notify and alert the owners of Marina Village at Grand Harbor Tower II that their property was at risk due to the presence of improper and unsafe fire protection piping, Johnson Controls breached the duty of care it owed to the owners of Marina Village at Grand Harbor Tower II.

26. By failing to notify and alert the owners of Marina Village at Grand Harbor Tower II that their property was at risk due to the presence of improper and unsafe fire protection

4

piping, Johnson Controls breached the duty of care it owed to members of the public, in so far as the improper and unsafe piping presented a safety risk not just for the owners of Marina Village at Grand Harbor Tower II but also for their invitees and members of the public who might have been in the vicinity at the time of a tragic event, such as a fire. The owners of Marina Village at Grand Harbor Tower II and the public can have no confidence now that the piping would have performed as designed if a fire had occurred.

27. Johnson Controls' breach of the duty of care it owed to the owners of Marina Village at Grand Harbor Tower II, and Johnson Controls' breach of the duty of care it owed to members of the public including Empire Roofing and its employees, caused damages to the owners of Marina Village at Grand Harbor Tower II, which were necessarily and not voluntarily paid by Plaintiff, for which Plaintiff must be compensated or reimbursed by Johnson Controls.

WHEREFORE, Plaintiff National Insurance Company of Hartford asks the Court to enter judgment in its favor and against Johnson Controls Fire Protection LP, for the full amount of Plaintiff's damages, plus interest, costs, and such other relief as the Court may find just and equitable.

## **COUNT 2 – CONTRIBUTION**

28. Plaintiff incorporates and realleges the allegations of the above paragraphs 1 through 23 and 25 through 27.

29. Empire Roofing and Johnson Controls jointly and severally contributed to the damages suffered by owners of Marina Village at Grand Harbor Tower II.

30. Plaintiff, standing in the shoes of Empire Roofing, has paid more than Empire Roofing's pro rata share of the parties' comparative fault.

31. Johnson Controls owes contribution to Plaintiff to the extent of Johnson Controls' pro rata share of the parties' comparative fault.

WHEREFORE, Plaintiff National Insurance Company of Hartford asks the Court to enter judgment in its favor and against Johnson Controls Fire Protection LP, in an amount equal to Johnson Controls' share of fault applied to the amount of Plaintiff's payments to the owners of Marina Village at Grand Harbor Tower II, plus interest, costs, and such other relief as the Court may find just and equitable.

<b><u>DEMAND FOR JURY TRIAL</u></b>

Plaintiff demands trial by jury for all claims and issues which are so triable.

Dated February 13, 2019

**DOGALI LAW GROUP, P.A.**

 */s/ Andy Dogali*
Andy Dogali
Fla. Bar No.: 0615862
Primary Email: adogali@dogalilaw.com
Barbara Uberoi
Fla. Bar No.: 0145408
Primary Email: buberoi@dogalilaw.com
401 East Jackson St., Suite 1825
Tampa, FL 33602
Telephone: (813) 289-0700
Facsimile: (813) 289-9435
Secondary Email: reception@dogalilaw.com
Secondary Email: jstefko@dogalilaw.com;
reception@dogalilaw.com

*Counsel for Plaintiff National Fire Insurance Company of Hartford*