IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 2:19-cv-14050 •Rosenberg/Maynard

**NATIONAL FIRE INSURANCE
COMPANY OF HARTFORD,**
as Subrogee, a foreign corporation

      Plaintiff,

vs.

**JOHNSON CONTROLS FIRE
PROTECTION LP, formerly known
as SimplexGrinnell LP, a foreign
limited partnership**

      Defendant.

_____/

## OPPOSITION TO DEFENDANT JOHNSON CONTROLS FIRE PROTECTION LP'S MOTION TO DISMISS

      Plaintiff National Fire Insurance Company of Hartford ("National Fire"), by and through its undersigned counsel, opposes Defendant Johnson Controls Fire Protection LP's ("Johnson Controls") Motion to Dismiss on the basis that it does not establish that the Complaint fails to state a cause of action pursuant to Rule 12(b)(6). National Fire's causes of action for Negligence and Contribution state claims in subrogation arising from Johnson Controls concurrent failure to use reasonable care in performing its inspection service. The Court should deny Johnson Controls' Motion to Dismiss.

**I.    STATEMENT OF RELEVANT FACTS & PROCEDURE**

      The Marina Village at Grand Harbor Tower II, located in Vero Beach, Florida, is a four-story, six-unit condominium. *See* Complaint at ¶ 10. Johnson Controls specified the pipes to be used, and inspected and tested the fire protection system at Marina Village for many years. *See id.* at ¶¶ 3, 14. As part of its obligation to inspect the fire protection system, Johnson Controls had a duty to notify Marina Village of any defect that could cause a risk to property and human life including the use of chlorinated polyvinyl chloride (PVC) was not of adequate strength for the

1

building's fire protections system, that PVC was known to be inappropriate for use in a building's fire protection system, that PVC was known to be weakened by common construction materials that break down the pipe's components, and to identify the locations of any PVC piping that appeared weak or improper. *See id.* ¶¶ 13-15. Portions of the PVC piping at Marina Village had significantly weakened. *See id.* at ¶ 13. The weakened condition would have been revealed through an adequate inspection of the fire protection system. *Id.* Johnson Controls did not notify Marina Village of the defects in the systems so that it could replace weakened pipe or notify the unit owners, or contractors, of the dangerous condition. *See id.* at ¶¶ 15, 17.

On or about February 29. 2016, Empire Roofing Company Southeast, LLC ("Empire Roofing"), through its staff, performed work at Marina Village. *See id.* at ¶¶ 10-11. An Empire staff member walked on the joists in the attic above Marina Village Unit 402. *See id.* While doing so, the staff member stepped onto a PVC fire sprinkler system pipe. *See id.* at ¶¶ 11-12. The pipe ruptured which resulted in widespread water damage throughout the building. *See id.* at ¶¶ 11, 18.

Plaintiff National Fire was at all material times the commercial liability insurer for Empire Roofing. Complaint ¶ 9. As Empire Roofing's insurer, National fire had a legal, contractual and equitable obligation protect Empire Roofing's interests by reimbursing and/or funding repairs and damage at Marina Village. *See id.* ¶¶ 19, 21. National Fire paid more than $700,000 to restore Marina Village and its owners' property under this obligation. *See id.* ¶ 20. No payments were made voluntarily. *See id.* National Fire seeks to enforce claims that Empire Roofing would have had for subrogation. *See id.* ¶ 22. National Fire's right of subrogation will not prejudice or be unjust for anyone though the refusal to recognize the right would create an extreme and inequitable prejudice to Plaintiff while creating an unfair windfall for Johnson Controls. *See id.* ¶ 23.

**II.   STANDARD REQUIRED FOR DISMISSAL**

This Court has been asked to review a Motion to Dismiss under Rule 12(b)(6) which allows the dismissal of an action if the Complaint fails to state a claim upon which relief can be granted.

A plaintiff establishes a right to relief enough to survive a motion to dismiss by pleading facts sufficient to raise a reasonable expectation that the claim is "Plausible", i.e., discovery will reveal evidence to establish the alleged cause of action. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007). Plausibility does not require proof that the Plaintiff will ultimately prevail, but it is entitled to offer evidence to support claims. *See id.* at 563. Even if the Court believes that recovery is remote and unlikely, a well-pleaded complaint may proceed. *See id.* A plausibility

2

review is context specific requiring the Court to draw on its judicial experience and common sense. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Considering judicial experience and common sense and construing all factual allegations in the light most favorable to the non-moving party, a complaint is plausible if its factual content allows a reasonable inference that the defendant is liable for the alleged misconduct. *See id.* at 1949; *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).

### III.   ARGUMENT & AUTHORITIES

#### A. National Fire's Complaint Alleges All Elements Required to Establish Causes of Action for Negligence and Contribution

National Fire's Complaint alleges each and every element that is required to set forth the causes of action for Negligence and Contribution. Johnson Controls' arguments that the Complaint fails stem from its miscomprehension of the nature of a subrogation action. As the Florida Supreme Court explained "Subrogation is an equitable doctrine whereby the initial tortfeasor/defendant is placed 'in the shoes' of the plaintiff." *Underwriters at Lloyds v. City of Lauderdale Lakes*, 382 So. 2d 702, 704 (Fla. 1980). By stepping in the shoes of the Marina Village, National Fire can recover portions of the settlement that should had been paid by Johnson Controls. *See id., Travelers Cas. & Sur. Co. v. Hudec*, 2011 WL 3702405, *3 (M.D. Fla. 2011) (denying motion to dismiss in a subrogation action where the initial tortfeasor stood in the shoes of the plaintiff) *citing Underwriters at Lloyds*, 382 So. 2d at 704, *Nat'l RR Passenger Corp. v. Roundtree Transp. & Rigging, Inc.*, 286 F.3d 1233, 1248 n.13 (11th Cir. 2002) *citing Underwriters at Lloyds*, 382 So. 2d at 704. Though the underlying plaintiff, here Marina Village, is not a party to the litigation, National Fire holds the same rights – no greater and no less – than the underlying plaintiff. *See Century Surety Co. v. Hartford Fire Ins. Co.*, 2006 WL 8433282, *4 (S.D. Fla. 2006) *quoting Dade Cty. School Bd. v. Radio Station WQBA,* 731 So. 2d 638, 646-647 (Fla. 1999). As a subrogation action, the Complaint withstands Defendant's Motion to Dismiss.

  1. <u>National Fire has properly alleged a claim for subrogation</u>

National Fire's complaint alleges a plausible claim for subrogation. The elements of an action in subrogation are simple. The Complaint must recite facts that, if proved, would establish that the subrogee/plaintiff (1) paid the claims to protect its own interest, (2) did not volunteer the payment, (3) was not primarily liable for the debt; (4) paid off the entire debt; and (5) the claims works no injustice to the rights of a third party. *See Dade Cty School Bd.*, 731 So. 2d at 646; *MSPA Claims I, LLC v. Century Sur. Co.*, 2017 WL 998282, *4 (S.D. Fla. 2017) (denying motion to

dismiss claim of equitable subrogation).  National Fire alleged each of these elements sufficient to meet the plausibility standard and to establish the likelihood that discovery will lead to additional evidence.  The Complaint states:

    (1) As the insurer of Empire Roofing, National Fire settled with Marina Village to protect its client's and its own interests, *see* Complaint ¶¶ 9, 18-19;

    (2) National Fire paid the settlement pursuant to its legal, contractual and equitable duties and no payments were made on a voluntary basis, *see id.* ¶ 21;

    (3) Empire Roofing and its insurer National Fire were not primarily liable for the settled debt, *see id.* ¶¶ 14-18;

    (4) National Fire paid off the entire debt[1] in order to restore Marina Village, *see id.* ¶¶ 20-21; and

    (5) National Fire's equitable subrogation claims works no injustice to the rights of a third party, *see id.* ¶ 23.  *See QBE Ins. Corp. v. Jorda Enterp. Inc.*, 2010 WL 11442644, *3 (S.D. Fla. 2010) (holding that insurer that settled claim of water damage caused by a defectively installed PVC pipe sufficiently alleged facts supporting claim for subrogation).

The stated allegations are enough to withstand a motion to dismiss.  *See MSPA Claims I, LLC*, 2017 WL 998282, * 4.  See also *Assicurazioni Generali S.P.A.*, 2012 WL 12865253, *6 (denying motion to dismiss subrogation action where plaintiff alleged it had paid the "entire cost" of equipment).

    2. National Fire has alleged all elements of negligence action, including duty

National Fire has pleaded a cause of action for negligence setting forth facts supporting each element – duty, breach, causation, and damages – in sufficient detail to confirm that discovery will likely uncover facts relevant to the claim.  *See Clay Elec. Co-op., Inc. v. Johnson*, 873 So. 2d 1182, 1185 (Fla. 2003).  Nonetheless, Johnson Controls asserts that it owed no duty to Empire Roofing and, to the extent that Johnson Controls had a duty to Marina Village, the duty was limited

---

[1] National Fire's allegation that it paid the "entire sum" and the "amounts necessary" with a general release of rights is enough to meet the fourth element.  *See Assicurazioni Generali S.P.A. v. Facey Commodity Co., Inc.*, 2012 WL 12865253, *3-4 (S.D. Fla. May. 21, 2012) (denying motion to dismiss equitable subrogation claim).

to the terms of its contract – to test and inspect the Marina Village's fire suppression system. As shown below, this argument lacks merit.

                       a. *Johnson Controls owed a duty of reasonable care to Marina Village*

National Fire's claim does not rely on a duty owed to it; National Fire's subrogation action relies on the duty Johnson Controls owed to Marina Village, whether in contract or tort. See *Underwriters at Lloyds*, 382 So. 2d at 704, *Dade Cty. School Bd.*, 731 So. 2d at 646-647. Johnson Controls "does not dispute it owed a contractual duty to the owners of Marina Village … to inspect the Property's fire sprinkler system." See Defendant Johnson Controls Fire Protection LP'S Motion to Dismiss National Fire's Complaint [Doc. 10] p. 6.

> Whenever one undertakes to provide a service to others, whether one does so gratuitously or by contract, the individual who undertakes to provide the service – i.e., the "undertaker" – thereby assumes a duty to act carefully and to not put others at an undue risk of harm. … The doctrine further applies not just to parties in privity with one another-i.e., the parties directly involved in an agreement or undertaking – but also to third parties.

*Clay Elec. Co-op., Inc.*, 873 So. 2d at 1186 (denying summary judgment on negligence claim for death of child where defendant undertook to maintain streetlights for city but failed to do so); *Zinn v. U.S.*, 835 F. Supp. 2d 1280, 1312 (relying on the undertaker doctrine at bench trial to find that air traffic controller assumed a duty to provide notice to pilot of hazardous conditions). Johnson Controls, as a party to a contract with Marina Village to inspect the fire protection system, was under a duty to not only complete the contract but to use reasonable care and professional competence to protect Marina Village and its residents. See Complaint ¶¶ 14-15, 17-18.

The Supreme Court of Florida examined the issue of whether a contractual duty to inspect creates a duty of reasonable care in *Clay Elec. Co-op., Inc. v. Johnson*, 873 So. 2d 1182, 1185 (Fla. 2003). *Clay* came to the court after a child was killed while walking to his neighborhood bus stop during early morning hours. *Id.* at 1184. The defendant, a street light maintenance company, had been hired by the city to inspect and maintain the lights. *Id.* The defendant sought summary judgment on nearly identical grounds as Johnson Controls' Motion to Dismiss, stating there was no legal obligation sufficient to support liability in with regard to negligence. *Id.* The court noted that there had been an issue with street lighting and hired the defendant to maintain the light to ensure the street remained lighted. See *id.* at 1187. By undertaking the contract for maintenance, the defendant also undertook an obligation to act with reasonable care. *Id.* at 1190-1191.

5

As admitted by Johnson Controls, Marina Village hired it to inspect and perform diagnostic tests of the fire prevention system. Florida law imposes a duty to use reasonable care on Johnson Controls. Complaint ¶¶ 14-18, 25-27. Johnson Controls' duty to use reasonable care in inspecting the fire protection system extended not only to the Marina Villages owners' association but also to its residents to prevent damage to their property. *See id.* National Fire now "stands in the shoes" of Marina Villages and its residents who have suffered from Johnson Controls' negligence. *See* Complaint ¶¶ 25-27.

Authorities exist that are indistinguishable from the present action, and which incontrovertibly establish that National Fire has pleaded the existence of duty sufficiently to survive a motion to dismiss. A company charged with inspecting a building piping system assumes a duty to protect the owner against flooding caused by failures in the piping system that should have been noted during a reasonable professional inspection, and a damaged insurer has a right to reimbursement, by subrogation an otherwise, from the negligent inspector. See, e.g., *Certain Underwriters at Lloyd's v. Ocean Walk Resort Condominium Assoc., Inc.*, 2017 WL 3034069 (M.D. Fla. 2017); *Q.B.E. Insurance Corporation v. Jorda Enterprises, Inc.*, 2010 WL 11442644 (S.D. Fla. 2010); *Great American Ins. Co. of New York v. Superior Contracting Corp.*, 2014 WL 5597272 (N.D. Ind. 2014); *Great Northern Ins. Co. v. ADT Sec. Services, Inc.*, 517 F.Supp.2d 723 (W.D. Pa. 2007); *Travelers Indem. Co. of Illinois v. 28 East 70th St. Const. Co., Inc.*, 296 F.Supp.2d 476 (S.D. N.Y. 2003); *Travelers Property & Cas. Ins. Co. v. AGG Creperie*, 42 F.Supp.3d 444 (E.D. N.Y. 2014); *Transcontinental Ins. Co. v. SimplexGrinnell LP*, 2006 WL 2035571 (N.D. Ohio 2006).

  b.  *Johnson Controls cannot argue that the Contract precludes a negligence claim*

Though not clearly addressed, Johnson Controls' motion alludes to an argument that the economic loss rule would preclude recovery for damage under a negligence provision. In Florida, the economic loss rule will not apply where the contracting party's negligence gives rise to damages to property other than the service or goods provided. *See Pulte Home Corp. v. Osmose*

6

*Wood Preserving, Inc.*, 60 F. 3d 734, 741 (11th Cir. 1995) (contrasting cases involving damages to the contracted product alone with those that, like here, resulted in damage to property other than the requested good or service).   In this action, the economic loss rule will not protect Johnson Controls from its negligence.  Marina Villages and its residents suffered water damage throughout the building totaling in excess of $700,000.  Complaint ¶¶ 11, 20, 25-27.

National Fire's cause of action for negligence sufficiently alleges all required elements of a negligence claim, including duty.  Defendant Johnson Controls' motion to dismiss must be denied.

    3.  <u>National Fire's Complaint establishes a contribution claim</u>

Causes of action for contribution can arise from either statutory or equitable contribution. Florida's Uniform Contribution Among Tortfeasors Act, F.S. sec. 768.31, establishes that a party is entitled to contribution when two or more people or entities are jointly and severally liable in tort for a single injury.  *See Dade Cty School Bd.*, 731 So. 2d at 641 n.2.  Contribution allows a tortfeasor who has paid more than its pro rata share to recover the amounts in excess of his share. F.S. §768.31.  The statutory provision ensures that a plaintiff can recover all reasonable damages through joint and several liability while the settling defendant has to pay no more than its pro rata share of the liability. *Id.*; *Walt Disney World Co. v. Wood*, 515 So. 2d 198, 200 (Fla. 1987) (joint and several liability was not abolished upon the enactment of Section 768.31); *Chiang v. Wildcat Groves, Inc.*, 703 So. 2d 1083, 1085 (Fla. 2d DCA 1997) ("the purpose of the act is 'to apportion the responsibility to pay innocent injured third parties between or among those causing the injury.").

    a.  *The Complaint alleges all elements required to state a cause of action for Contribution*

To state a claim for contribution under Section 768.31, National Fire need only allege that the Johnson Controls' negligence combined with that of Empire Roofing to cause the damage for which discovery is sought. *TransGlobal Airways Corp. v. JAF, LLC*, 207 WL 9702180, *18 (S.D. Fla. 2007).  As required by Section 768.31, National Fire's Complaint alleges:

  a.  Empire Roofing and Johnson Controls are jointly and severally liable for Marina Village's injury, Complaint ¶¶ 11, 14-18, 24-27, 29;

7

    b.  Empire Roofing entered in a good faith settlement with Marina Village for the "entire sum necessary,"[2] *Id.* ¶¶ 11, 19-21;

    c.  National Fire, as insurer for Empire Roofing, has paid more than Empire Roofing's pro-rata share of liability, *Id.* ¶¶ 11, 19-21, 30;

    d.  The settlement is for the "full amount of the injury," *Id.* ¶¶ 20-21.

    b.  *Whether Plaintiff obtained a release discharging Johnson Controls that should not be addressed in a motion to dismiss*

National Fire sufficiently alleges facts to establish that it has paid the Marina Villages' claim in full. The Complaint alleges that Plaintiff paid the "entire sum necessary" and the "amount necessary to restore" Marina Villages. Payment of the "entire sum" or "amount necessary to restore" Marina Villages' damages establishes that the requirements of Section 768.31 to establish that the plaintiff is not entitled to recover damages from Johnson Controls. When reading the facts in light most favorable to the complainant, the Court must assume that Johnson Controls has been released from any other debt, and that this fact will be established through discovery. *Woods v. Withrow*, 413 So. 2d 1179, 1183-1184 (Fla. 1982) (contribution claim of a settling party that did not extinguish the liability of another joint tortfeasor is subject to summary judgment). The contribution claim cannot be dismissed.

**IV.**    **CONCLUSION**

    Plaintiff National Fire Insurance Company of Hartford has alleged each and every element of the causes of action set forth in its Complaint. Defendant Johnson Controls Fire Protection LP's motion to dismiss fails in that it does not address its duties established by tort to the Subrogor Marina Village and its own liability. The Motion to Dismiss must be denied.

**CERTIFICATE OF SERVICE**

    I certify that the above document is served, by way of the Court's e-filing system, upon all parties and counsel who have designated themselves for receipt of service by such means.

---

[2] Under Section 786.31, the term "entire liability" means the "dollar amount paid to settle the underlying claim and to release the tortfeasors from any further liability for the claim." <u>See</u> *Healthcare Staffing Solution, Inc. v. Wilkinson*, 86 So. 3d 519, 522 (Fla. 1st DCA 2012).

Dated March 26, 2019

                              **DOGALI LAW GROUP, P.A.**

                              */s/ Andy Dogali*
                              Andy Dogali
Fla. Bar No.: 0615862
adogali@dogalilaw.com
Barbara Uberoi
Fla. Bar No.: 0145408 (app to S.D. Fla. pending)
buberoi@dogalilaw.com
401 East Jackson St., Suite 1825
Tampa, FL 33602
(813) 289-0700
Secondary Email: reception@dogalilaw.com; lfair@dogalilaw.com
*Counsel for Plaintiff National Fire Insurance Company of Hartford*