UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-14050-CIV-ROSENBERG/MAYNARD

**NATIONAL FIRE INS. CO. OF HARTFORD,**

    **Plaintiff,**

**v.**

**JOHNSON CONTROLS FIRE PROTECTION LP,**

    **Defendant.**
_____/

### REPORT AND RECOMMENDATION ON
### DEFENDANT'S MOTION TO DISMISS (DE 10)

**THIS CAUSE** comes before this Court upon an Order of Reference (DE 11) and the above Motion. Having reviewed the Motion, Response, and Reply, this Court recommends as follows:

#### BACKGROUND

1. Underlying this lawsuit is the water damage that a multi-unit condominium building suffered when, on February 29, 2016, a roofer stepped on a sprinkler pipe causing the pipe to rupture. The condominium community is called Marina Village, and it had hired Empire Roofing to do roof work. Empire Roofing was insured through National Fire Ins. Co., and on Empire Roofing's behalf, National Fire paid Marina Village for the water damage.

2. Defendant, Johnson Controls, was responsible for maintaining and servicing the building's fire suppression system. That contract began on October 2008 with its

predecessor, SimplexGrinnell LP, and it still was in effect in February 2016 when the pipe burst. Johnson Controls did not install the subject sprinkler pipe. Presumably it was installed when the building was built and predates the October 2008 contract.

3.   National Fire now sues Johnson Controls for contribution to the water damage payment. National Fire argues that Johnson Controls negligently overlooked the sprinkler pipe's substandard condition and risk of breaking. Had Johnson Controls inspected the pipe, it would have known of the risk, and it could have alerted Marina Village to that risk. National Fire argues that as the joint tortfeasor, Johnson Controls should share in the liability borne by Empire Roofing.

4.   At issue before this Court is Johnson Controls' Motion to Dismiss. Rule 8(a)(2), Fed.R.Civ.P., requires the Plaintiff to plead "a short and plain statement of the claim showing that [it] is entitled to relief" but it also must plead a plausible claim for relief. In determining whether the Plaintiff meets that pleading standard, this Court applies Rule 12(b)(6), Fed.R.Civ.P. For purposes of the Rule 12(b)(6) analysis, this Court assumes as true all of the Plaintiff's well-pleaded factual averments and construes all inferences reasonably drawn therefrom in its favor. Rule 12(b)(6) requires this Court to

determine whether, on the basis of that fact background, the Plaintiff pleads a sufficient predicate to state a plausible claim for relief. That is, plausible violations of law by which to hold the Defendant liable. Therefore a claim may be subject to dismissal if the Plaintiff can prove no set of facts to support the claim. See Eiras v. Florida, 239 F.Supp.3d 1331, 1337 (M.D.Fla. 2017) (detailing the governing standard including the plausibility requirement of Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007) and Ashcroft v. Iqbal, 556 U.S. 662 (2009)). Alternatively dismissal is warranted when the allegations in the complaint, on their face, show that an affirmative defense bars recovery on the claim. See Marsh v. Butler County, 268 F.3d 1014, 1022 (11th Cir. 2003).

**DISCUSSION**

5.   This Court begins its discussion with National Fire's claim for contribution as pleaded at Count 2 of its Complaint. There National Fire does not plead the legal authority that creates the contribution cause of action, but this Court presumes it to be § 768.31(2), Fla. Stat.

6.   Johnson Controls argues that the contribution claim is defective in two respects. First, it points out that National Fire does not plead possession of the required release. In other words National Fire does not plead that when Marina Village (the

injured party) accepted payment, it released all tortfeasors (or at least released Johnson Controls from whom National Fire seeks contribution) from further claims. See Trapper John Animal Control, Inc. v. Gilliard, 96 So.3d 461 (5th DCA 2012) (citing Woods v. Withrow, 413 So.2d 1179 (Fla. 1982)).

7. Even if National Fire could plead complete satisfaction of damages and a full release, its contribution claim still would fail because there is no actionable tort claim. A tortfeasor only may seek contribution from another tortfeasor for tort damages. Here, however, there is a legal bar that protects Johnson Controls from being sued for the tort of negligence. For purposes of the present legal analysis, this Court refers to that legal bar as the Independent Tort Doctrine. Simply put, a plaintiff may not pursue a tort theory of relief where a contract created the duty to act, performance is measured against the contractual obligations, and the contract provides the remedy for defective performance. In practical effect it bars a plaintiff from raising a tort cause of action that restates a breach of contract cause of action. For a tort claim to stand, it must be independent of the breach of contract claim. See Tiara Condo. Ass'n, Inc. v. Marsh & McLennan Cos. Inc., 110 So.3d 399, 408–09 (Fla. 2013) (Pariente, J., concurring) (citing Lewis v. Guthartz, 428 So.2d 222 (Fla. 1982)

and Elec. Sec. Sys. Corp. v. S. Bell Tel. & Tel. Co., 482 So.2d 518 (Fla. 3rd DCA 1986)). Following Justice Pariente's concurrence, many federal courts in Florida continue to apply the Independent Tort Doctrine even if Tiara limits the Economic Loss Rule (a different rule but having the same practical effect) to the products liability context. See USI Ins. Servs., LLC v. Simokonis, 2016 WL 11547701 (S.D.Fla. 2016) (surveying post-Tiara case law). The Middle District of Florida continues to apply the Independent Tort Doctrine. See, e.g., Martinez v. QBE Specialty Ins. Co., 2018 WL 4354831 (M.D.Fla. 2018) and Lloyd's v. Ocean Walk Resort Condo. Ass'n, 2017 WL 3034069 (M.D.Fla. 2017). The Eleventh Circuit recognizes that it may continue to apply. See King v. Bencie, 752 Fed.Appx. 881 (11th Cir. 2018) (citing Lamm v. State St. Bank & Tr., 749 F.3d 938 (11th Cir. 2014)). In any event the Economic Loss Rule would not apply to this case anyway because property damage is the kind of injury at issue here. Therefore it is irrelevant to this case that Tiara limits the Economic Loss Rule to the products liability context. Even if the Economic Loss Rule would in practice have a similar effect of barring the Plaintiff's tort claim, it is the Independent Tort Doctrine that applies here, and it exists separately from the Economic Loss Rule.

8.   Applying the Independent Tort Doctrine to this case, this Court finds that National Fire does not plead a negligence cause of action that is separate from and independent of the contractual relationship. A contract defines the obligations that Johnson Controls owed to Marina Village with respect to the sprinkler system. If Johnson Controls fell short of an obligation to maintain or inspect the subject sprinkler pipe, then that defective performance concerns its contract with Marina Village. The Independent Tort Doctrine prevents Marina Village (or a party standing in its shoes) from framing that defective performance as negligence. Because the sprinkler pipe issue may not be framed as a tort, it follows then that Johnson Controls cannot be considered a joint tortfeasor from whom National Fire may seek contribution.

9.   Consequently Count 2 should be dismissed. However this Court finds that National Fire should be given leave to amend its Complaint in the event there is some other cause of action by which to seek reimbursement from Johnson Controls.

10.  That brings the discussion around to the negligence claim at Count 1. That is where National Fire pleads that Johnson Controls breached its duty of care to Marina Village when it failed to inspect or otherwise failed to discover the sprinkler pipe's condition. As this Court explains above, a

contract defines the duty of care that Johnson Controls owed to Marina Village. Consequently National Fire may not frame Johnson Controls' performance of its contractual duties in negligence terms. Contract law provides the only cause of action for redress. Nor does this Court find the cases of Clay Elec. Coop., Inc. v. Johnson, 873 So.2d 1182 (Fla. 2004) and Zinn v. U.S., 835 F.Supp.2d 1280 (S.D.Fla. 2011) supportive of National Fire's position. Although fire suppression is an obviously important safety matter, this Court does not find the nature of Johnson Controls' service to Marina Village to imply an added duty of care in addition to the contractual obligations. This Court adds that flooding, rather than fire, is at issue in this case; the alleged negligence did not affect fire prevention or suppression. Because this Court discerns no way that National Fire can plead around the preclusive effect of the Independent Tort Doctrine, this Court recommends that Count 1 be dismissed with prejudice.

11. This Court limits its legal analysis to the Independent Tort Doctrine and how it affects National Fire's two claims for relief. Because this Court finds dismissal is warranted on that basis alone, this Court need not consider Johnson Controls' Rule 8 objection. Johnson Controls argues that National Fire's theory of negligence---that the subject pipe's

condition indeed was defective in a way that left it prone to bursting under a person's weight, that Johnson Controls should have known of that defect, that Johnson Controls should have reported that risk to Marina Village, and that Marina Village would have taken corrective and preventative measures in response---is too tenuous to state a plausible negligence theory.

12. This Court undertakes the above Independent Tort Doctrine analysis on the assumption that National Fire has the right of subrogation to stand in the shoes of Marina Village to sue Johnson Controls for negligence. Even if National Fire has the right of subrogation, its two counts still fail. Therefore, for purposes of the present legal analysis, subrogation is a moot point. However, should National Fire seek to assert some other cause of action against Johnson Controls, it should plead the legal basis that allows it to do so whether standing in the shoes of Marina Village or Empire Roofing. If National Fire proceeds on the basis of equitable subrogation, then it must plead possession of a release from the injured party. See State Farm Mut. Auto. Ins. Co. v. Johnson, 18 So.3d 1099 (Fla. 2nd DCA 2009) and Dade County Sch. Bd. V. Radio Station WQBA, 731 So.2d 638 (Fla. 1999) (explaining that as with a contribution claim,

possession of a release is a required element of equitable subrogation, too).

**ACCORDINGLY**, this Court recommends to the District Court that the Defendant's Motion to Dismiss (DE 10) be **GRANTED**. This Court recommends that both Count 1 (for negligence) and Count 2 (for contribution) be dismissed with prejudice but that the Plaintiff still be given leave to file an Amended Complaint in case it can plead an alternative legal claim or right by which to seek reimbursement from Johnson Controls.

The parties shall have fourteen (14) days from the date of this Report and Recommendation within which to file objections, if any, with the Honorable Robin L. Rosenberg, the United States District Judge assigned to this case. Failure to file timely objections shall bar the parties from a de novo determination by the District Court of the issues covered in this Report and Recommendation and bar the parties from attacking on appeal the factual findings contained herein. LoConte v. Dugger, 847 F.2d 745, 749–50 (11th Cir. 1988), cert. denied, 488 U.S. 958 (1988).

**DONE AND SUBMITTED** in Chambers at Fort Pierce, Florida, this 17th day of April, 2019.

*Shaniek Maynard*
SHANIEK M. MAYNARD
UNITED STATES MAGISTRATE JUDGE