UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

NATIONAL FIRE INSURANCE
COMPANY OF HARTFORD, as
Subrogee, a foreign corporation

        Plaintiff,

v.

JOHNSON CONTROLS FIRE
PROTECTION LP, formerly known as
SimplexGrinnell LP, a foreign limited
partnership

        Defendant.

Case No. 2:19-cv-14050-RLR

**DEFENDANT SIMPLEXGRINNELL'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS NATIONAL FIRE'S AMENDED COMPLAINT**

Defendant Johnson Controls Fire Protection LP, formerly known as SimplexGrinnell ("SimplexGrinnell"), by and through its counsel, hereby submits its Reply in Support of its Motion to Dismiss.

**I.**    **INTRODUCTION**

Three years ago, after a roofer employed by Empire Roofing Company Southeast, LLC ("Empire Roofing") imprudently stepped on a plastic fire-sprinkler pipe[1] in the attic of Unit 402 of the Marina Village condominium, causing over $700,000 in property damages. *See* Am. Compl. (ECF No. 27) at ¶¶ 10-11. Empire Roofing's insurance company, Plaintiff National Fire Insurance

---

[1] Specifically, the Empire roofer stepped on pipe made of chlorinated polyvinyl chloride ("CPVC"), a thermoplastic used in the manufacture of both hot and cold-water delivery pipes, including those found in multi-family residential and commercial fire-sprinkler systems such as the one at issue in this lawsuit. Contrary to the allegations in National Fire's Complaint, CPVC is approved as a component product for installation within such fire-sprinkler systems in nearly all jurisdictions in the United States, including Vero Beach, Florida.

1

Company of Hartford ("National Fire"), paid Marina Village the full sum of the damages. *Id.* at ¶ 22. National Fire subsequently sought to recover for these damages against Defendant Johnson Controls Fire Protection LP, formerly known as SimplexGrinnell ("SimplexGrinnell"), under the tort theories of negligence and contribution, despite a complete absence of any relationship between the two parties. On June 14, 2019, this Court dismissed National Fire's negligence and contribution claims with prejudice, finding that SimplexGrinnell's duties arose in contract only and, as such, the Independent Tort Doctrine barred any tort claims as to SimplexGrinnell.[2] *See* Order Adopting Magistrate's Report and Recommendations (ECF No. 25) (the "Report"). The Court gave National Fire leave to amend "to allege any other claims Plaintiff may have." *Id.*

Despite this Court's well-reasoned analysis and holding, National Fire filed an Amended Complaint with near-identical allegations,[3] only now asserting the same previously rejected negligence claim under the guise of equitable subrogation. In its Opposition to Defendant Johnson Controls Fire Protection LP's Motion to Dismiss National Fire's Amended Complaint (ECF No. 29) (the "Opposition"), National Fire argues, yet again, that its subrogation action relies on a duty of care sounding in tort that SimplexGrinnell purportedly owed to Marina Village and the public—precisely the same argument National Fire has previously made and this Court has already rejected. Indeed, National Fire cites the same cases, and copies the same paragraphs from its original

---

[2] Substantive analysis of the parties' arguments for and against dismissal was provided in Magistrate Judge Maynard's Report and Recommendation on Defendant's Motion to Dismiss (ECF No. 18). National Fire subsequently filed objections to the Report and Recommendation (ECF No. 19) to which SimplexGrinnell responded (ECF No. 23). This Court subsequently conducted a *de novo* review of Judge Maynard's Report, affirming her analysis and recommendations in all respects. Order Adopting Magistrate's Report and Recommendations (ECF No. 25)

[3] The allegations in National Fire's Amended Complaint mirror the allegations its original Complaint except for the addition of one paragraph alleging that a release was obtained from Marina Village—a paragraph which was added in an effort to allege it standing to even bring an equitable subrogation action. *See* Am. Compl. at ¶23.

Opposition to SimplexGrinnell's Motion to Dismiss (ECF No. 12) practically verbatim. Accordingly, this Court should dismiss National Fire's Amended Complaint in its entirety. Despite National Fire's dogged attempt to seek contribution from SimplexGrinnell for a payment it was solely responsible to make, National Fire once again fails to assert a viable cause of action. National Fire's arguments have already been fully briefed, considered, and rejected by this Court. SimplexGrinnell's Motion to Dismiss should be granted.

## II.     ARGUMENT

### A. Equitable Subrogation Only Provides Standing to Assert Substantive Claims

Equitable subrogation is simply the method through which National Fire may stand in the shoes of the injured party, Marina Village. National Fire devotes much of its Opposition to outlining the five elements for equitable subrogation. *See* Opposition at 4-7. Despite its unsupported assertion to the contrary, National Fire has not alleged that it was not primarily liable for the debt—an essential element for equitable subrogation. In fact, National Fire's argument confuses this element of equitable subrogation with that requiring that the payment must be involuntary. *Id.* at 6. Nonetheless, even if National Fire had properly plead all the elements, equitable subrogation would merely establish that there is some interest (here the payment National Fire made to Marina Village) to which National Fire may claim rights.

Only once National Fire has met the elements of equitable subrogation, may it then seek to bring claims that Marina Village itself could have brought against SimplexGrinnell. Equitable subrogation does not on its own, however, manufacture a viable tort claim where one does not otherwise exist. Indeed, it is the bedrock principle of equitable subrogation that a subrogee merely stands in the shoes of its subrogor and may only assert those claims the subrogor itself would have against a third party. *See, e.g. Dade County School Bd. v. Radio Station WQBA,* 731 So.2d 638,

646 (Fla. 1999) ("the party discharging the debt stands in the shoes of the person whose claims have been discharged and thus succeeds to the right and priorities of the original creditor") (citations omitted). Despite this black-letter law, National Fire neither adequately pleads the elements of equitable subrogation nor asserts a viable cause of action sounding in tort or contract against SimplexGrinnell.

### B. A Subrogee Only Acquires the Rights of Its Creditor.

Despite the lack of any such allegations in its Amended Complaint, National Fire now appears to be asserting conventional (contractual) subrogation *for the first time* in its Opposition. National Fire states, "[b]y stepping in the shoes of Empire Roofing, National Fire can recover portions of the Marina Village settlement that should [have] been paid by Johnson Controls." Further, it states, "[a]s Empire Roofing's insurer, National Fire had a contractual duty to protect it insured's interest by indemnifying covered claims." Opposition at 4-5 (ECF No. 29). This stands in stark contrast to the allegations of the Amended Complaint and the arguments made by National Fire in opposition to SimplexGrinnell's motion to dismiss the original complaint. *See* Opposition to Defendant Johnson Controls Fire Protection LP's Motion to Dismiss (ECF No. 12) at 3 ("By stepping in the shoes of Marina Village, National Fire can recover portions of the settlement that should [have] been paid by Johnson Controls."

While these differences illustrate an inherent conflict in National Fire's theory of subrogation and to whom it is, in fact, acting under color of, this confusion is of no consequence to the end-result of dismissal. National Fire has repeatedly represented that it brings this subrogation claim in tort, and in its Opposition, it makes that argument yet again. *See* Opposition at § III.B. ("National Fire's Allegations Establish an Equitable Subrogation Cause of Action

4

Founded on Negligence.") In doing so, it simply repeats the arguments already rejected by this Court.

No matter whose shoes National Fire claims to step into, any claims sounding in tort must fail. If standing in the shoes of Empire Roofing, National Fire is asserting a contractual subrogation claim, which still requires Empire Roofing to have a viable tort cause of action against SimplexGrinnell. As previously held by this Court, it does not. *See* Report at 6 ("Because the sprinkler pipe issue may not be framed as a tort, it follows then that Johnson Controls cannot be considered a joint tortfeasor from whom National Fire may seek contribution.") If National Fire is asserting an equitable subrogation claim, it necessarily must stand in the shoes of the underlying plaintiff, Marina Village, which requires Marina Village to have a viable tort cause of action against SimplexGrinnell. As previously held by this Court, it too does not. *Id*. at 4-7.[4]

Neither contractual subrogation nor equitable subrogation creates a brand new cause of action or allows a plaintiff a pass to avoid having to plead the underlying elements of a viable cause of action by the entity in whose shoes it stands. Just as with contractual subrogation, an equitable subrogee merely stands in the shoes of its subrogor, and can only assert those claims the subrogor would have against a third party. *See, e.g. Radio Station WQBA*, 731 So. 2d at 647 ("[I]f the subrogor has no rights or priorities against a specified third party, then the subrogee has nothing to inherit as against that third party."); *Welch v. Complete Care Corp.,* 818 So. 2d 645, 648 (Fla. 2d DCA 2002) (referring to the rights inherited by the subrogee as "non-existent rights.").

Thus, regardless of which version of subrogation National Fire actually intends to proceed under, its Amended Complaint fails and should be dismissed with prejudice.

---

[4] As Magistrate Maynard articulated in her Report, "Applying the Independent Tort Doctrine to this case, this Court finds that National Fire does not plead a negligence cause of action that is separate from and independent of the contractual relationship. . . . The Independent Tort Doctrine prevents Marina Village (or a party standing in its shoes) from framing that defective performance as negligence."

### C. SimplexGrinnell Did Not Owe a Duty of Care to Empire Roofing or the Public

This Court's previously held that that (1) National Fire may not frame SimplexGrinnell's performance of its contractual duties as negligence; and (2) the nature of SimplexGrinnell's service to Marina Village does not imply an added duty of care in addition to the contractual obligations. *See* Report at 7. Despite this, National Fire again asserts that SimplexGrinnell's contractual relationship to Marina Village creates a duty to others, including Empire Roofing and the general public. *See* Opposition at 8-10. Although this Court specifically stated that it did not "find the cases of *Clay Elec. Coop., Inc. v. Johnson*, 873 So.2d 1182 (Fla. 2004) and *Zinn v. U.S.*, 835 F.Supp.2d 1280 (S.D.Fla. 2011) [to be] supportive of National Fire's position," Report at 7, National Fire continues to rely on *Clay* to argue that Florida law imposes a heightened duty of care upon SimplexGrinnell. Notwithstanding the fact that the contract, and *only* the contract, defines the duty of care that SimplexGrinnell owes to any party, this Court specifically noted that the nature of SimplexGrinnell's service to Marina Village does not imply any extra-contractual duties. *See* Report at 7. To wit, the Court added, "flooding, rather than fire, is at issue in this case; the alleged negligence did not affect fire prevention or suppression." *Id.*

### III. <u>CONCLUSION</u>

National Fire once again fails to plead allegations sufficient to carry the necessary elements of its claims. Moreover, even if National Fire had adequately alleged the basis for equitable subrogation,[5] the Independent Tort Doctrine prevents National Fire from asserting a negligence claim. Accordingly, SimplexGrinnell's motion should be granted and the Amended Complaint dismissed with prejudice.

---

[5] As discussed *supra*, National Fire is unclear into which party's shoes it allegedly steps.

Dated: July 24, 2019 Respectfully submitted,

*/s/ Eric Boos*
Eric Boos, Esq.
Florida Bar No. 107673
eboos@shb.com
SHOOK, HARDY & BACON L.L.P.
201 South Biscayne Boulevard, Suite 3200
Miami, FL 33131-4332
Telephone: 305.358.5171

*Counsel for Defendant*
*Johnson Controls Fire Protection LP, formerly known as SimplexGrinnell LP*