UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 2:19-CV-14050-ROSENBERG/MAYNARD

NATIONAL FIRE INSURANCE
COMPANY OF HARTFORD, *as
subrogee, a foreign corporation*,

    Plaintiff,

v.

JOHNSON CONTROLS FIRE
PROTECTION LP, *formerly
known as SimplexGrinnell LP,
a foreign limited partnership*,

    Defendant.
_____/

## ORDER GRANTING DEFENDANT'S MOTION
## TO DISMISS SECOND AMENDED COMPLAINT

**THIS CAUSE** comes before the Court on Defendant's Motion to Dismiss Plaintiff's Second Amended Complaint. DE 36. The Court has carefully considered the Motion, Plaintiff's Response thereto [DE 38], Defendant's Reply [DE 39], and the record and is otherwise fully advised in the premises. For the reasons set forth below, the Motion to Dismiss is granted.

### I.     FACTUAL BACKGROUND

Plaintiff alleges in the Second Amended Complaint[1] that it was the commercial liability insurer of Empire Roofing Company Southeast, LLC. DE 35 at 2. On February 29, 2016, an Empire Roofing employee was performing work at Marina Village at Grand Harbor Tower II, a condominium, and was walking on the joists in an attic area above a condominium unit. *Id.*

---

[1] The Court previously dismissed the Complaint [DE 1] and the Amended Complaint [DE 27] for failure to state a claim on which relief could be granted. *See* DE 18, 25, and 34. The Court permitted a Second Amended Complaint for the limited purpose of pleading a negligence claim based on a duty that Defendant allegedly owed to Empire Roofing and warned that the Second Amended Complaint would be Plaintiff's final opportunity to amend. DE 34.

While doing so, the employee stepped on a fire sprinkler system pipe, and the pipe ruptured, causing widespread water damage throughout the building. *Id.* Plaintiff subsequently paid more than $700,000 for repairs and damages. *Id.* at 5.

Plaintiff alleges that the ruptured pipe was made of chlorinated polyvinyl chloride ("CPVC"), was stamped with the words "CPVC PIPE FOR UNDERGROUND WATER MAINS," and was inappropriate for use in the building's fire protection system. *Id.* at 2. The pipe had been significantly weakened, a condition that an adequate inspection of the fire protection system would have revealed. *Id.* Proper and adequate piping would not have given way. *Id.* at 3.

Plaintiff further alleges that Defendant conducted annual inspections and testing of Marina Village's fire protection system for many years. *Id.* Defendant knew or should have known that the use of the CPVC piping in the fire protection system posed risks, and Defendant had a duty to notify the building's owner that the CPVC pipe was improper and weakened, but failed to do so.[2] *Id.* Had Defendant notified the owner, the owner would have replaced the piping and would not have placed contractors like Empire Roofing in harm's way. *Id.*

Plaintiff brings a negligence claim and a claim of equitable subrogation against Defendant. *Id.* at 4-6. For its negligence claim, Plaintiff contends that, by providing inspection services to Marina Village, Defendant assumed a duty to use reasonable care so as not to put "others," Marina Village's "invitees," and "members of the public" at risk. *Id.* at 4. Plaintiff asserts that Defendant breached that duty of care by failing to notify Marina Village's owner about the improper and unsafe piping. *Id.* at 4-5. Defendant now moves to dismiss the Second Amended Complaint. DE 36.

---

[2] The Court previously ruled that the independent tort doctrine prevents Marina Village, or Plaintiff standing in the shoes of Marina Village, from suing Defendant for negligence. *See* DE 18, 25, and 34.

## II. LEGAL STANDARD

A court may grant a party's motion to dismiss a pleading if the pleading fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). A Rule 12(b)(6) motion to dismiss should be granted only when the pleading fails to contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The pleading must contain more than labels, conclusions, a formulaic recitation of the elements of a cause of action, and naked assertions devoid of further factual enhancement. *Id.* The factual allegations must be enough to raise a right to relief above the speculative level. *Twombly*, 550 U.S. at 555.

When ruling on a motion to dismiss, a court accepts as true the facts alleged in the complaint and draws all reasonable inferences in the plaintiff's favor. *West v. Warden*, 869 F.3d 1289, 1296 (11th Cir. 2017). Dismissal based on a dispositive issue of law is proper when no construction of the factual allegations will support the cause of action. *Allen v. USAA Cas. Ins. Co.*, 790 F.3d 1274, 1278 (11th Cir. 2015).

## III. ANALYSIS

To state a claim of negligence under Florida law, a plaintiff must allege that the defendant owed the plaintiff a duty of care, that the defendant breached that duty, and that the breach caused the plaintiff to suffer damages. *Lewis v. City of St. Petersburg*, 260 F.3d 1260, 1262 (11th Cir. 2001). The existence of a duty is a matter of law for a court to decide. *McCain v. Fla. Power Corp.*, 593 So. 2d 500, 502 (Fla. 1992). A court may dismiss for failure to state a claim a complaint that does not establish a duty. *See, e.g.*, *Lamm v. State St. Bank & Tr.*,

749 F.3d 938 (11th Cir. 2014) (affirming a court's grant of a motion to dismiss a Florida negligence claim for failure to establish a duty)

Florida law "recognizes that a legal duty will arise whenever a human endeavor creates a generalized and foreseeable risk of harming others." *McCain*, 593 So. 2d at 503. "Where a defendant's conduct creates a foreseeable zone of risk, the law generally will recognize a duty placed upon defendant either to lessen the risk or see that sufficient precautions are taken to protect others from the harm that the risk poses." *Id.* (emphasis and quotation omitted). "[R]easonable, general foresight is the core of the duty element." *Id.* (stating that foreseeability "clearly is crucial in defining the scope of the general duty placed on every person to avoid negligent acts or omissions").

Florida courts have identified various tests for determining when a defendant's conduct creates a "foreseeable zone of risk." One test evaluates "the likelihood that a defendant's conduct will result in the type of injury suffered by the plaintiff." *Palm Beach-Broward Med. Imaging Ctr., Inc. v. Cont'l Grain Co.*, 715 So. 2d 343, 345 (Fla. 4th Dist. Ct. App. 1998) (stating that this test "requires a court to evaluate whether the type of negligent act involved in a particular case has so frequently previously resulted in the same type of injury or harm that in the field of human experience the same type of result may be expected again" (emphasis and quotation omitted)). Another test for evaluating foreseeability examines "whether a defendant stood in a relation to the plaintiff as to create any legally recognized obligation of conduct for the plaintiff's benefit." *Id.* at 344 (quotation marks omitted).

Plaintiff relies on neither test to argue that Defendant created a foreseeable zone of risk. Plaintiff instead argues that, by undertaking to conduct inspections of the fire protection system, Defendant owed a duty of care to any third party who may have been affected by an insufficient

4

inspection. *See* DE 38 at 10 ("By taking on a duty to inspect and the concurrent obligation to inform its client, Johnson Controls . . . owed a duty, even to third parties, to conduct its inspection with reasonable care [and] then report its findings."); *see also* DE 35 at 4 (alleging that "Johnson Controls by providing fire protection system inspection services to Marina Village . . . assumed a duty of reasonable care in providing inspection services so as to not put others at an undue risk of harm").

Indeed, the Florida Supreme Court has stated:

> Voluntarily undertaking to do an act that if not accomplished with due care might increase the risk of harm to others or might result in harm to others due to their reliance upon the undertaking confers a duty of reasonable care, because it thereby creates a foreseeable zone of risk.

*Union Park Mem'l Chapel v. Hutt*, 670 So. 2d 64, 67 (Fla. 1996) (quotation marks omitted). Thus, Florida courts have adopted what is known as the undertaker's doctrine in § 324A of the Second Restatement of Torts as a standard for when an undertaking creates a duty to a third party. *See, e.g.*, *Clay Elec. Coop. v. Johnson*, 873 So. 2d 1182, 1186 (Fla. 2003); *Hutt*, 670 So. 2d at 67. That section of the Restatement provides:

> One who undertakes, gratuitously or for consideration, to render services to another which he should recognize as necessary for the protection of a third person or his things, is subject to liability to the third person for physical harm resulting from his failure to exercise reasonable care to protect his undertaking, if
>
> (a) his failure to exercise reasonable care increases the risk of such harm, or
>
> (b) he has undertaken to perform a duty owed by the other to the third person, or
>
> (c) the harm is suffered because of reliance of the other or the third person upon the undertaking.

Restatement (Second) of Torts § 324A (1965).

The Second Amended Complaint does not contain allegations establishing Defendant's duty under the undertaker's doctrine. First, the doctrine speaks of liability for harm to the third party's person or things and not of liability for economic loss such as what Empire Roofing suffered in this case. *See id.* Plaintiff has pointed to no Florida case applying the undertaker's doctrine in a situation that did not involve harm to the third party's person or things. *See Virgilio v. Ryland Grp., Inc.*, 680 F.3d 1329, 1339 (11th Cir. 2012) (stating that a "new duty is more likely to be imposed under the 'foreseeable zone of risk' standard under circumstances where the plaintiff has suffered personal or property damage" and that "[w]here the plaintiff seeks only the recovery of an economic loss, the duty element of negligence law serves as an important barrier to over-extension of liability").

In addition, Plaintiff has not pled allegations to satisfy any of the three subparts of § 324A of the Restatement. Plaintiff has not alleged that Defendant did anything to increase the risk of harm, but only that Defendant did not notify Marina Village's owner of the improper and weakened piping. *See* DE 35 at 3-4. Defendant is not alleged to have been responsible for installing or maintaining the piping. *Cf. Clay*, 873 So. 2d at 1187 (concluding that a complaint raised a question as to whether an electric company increased the risk of harm when the plaintiff alleged that the company negligently maintained streetlights on an otherwise lighted street and that a driver subsequently struck and killed a pedestrian that the driver was unable to see because of the darkness of the street). Plaintiff also has not alleged either that Defendant undertook to perform a duty that Marina Village owed to Empire Roofing or that harm was suffered because of reliance on Defendant's undertaking.

Thus, the Second Amended Complaint fails to state a plausible negligence claim because it does not plead factual allegations to establish that Defendant owed a duty to Empire Roofing.

The Court previously ruled that equitable subrogation is not a standalone claim and must be pled with an underlying cause of action that a subrogor has against a defendant. DE 34. No plausible underlying cause of action is pled here.

## IV. CONCLUSION

For the foregoing reasons, it is **ORDERED AND ADJUDGED** that:

1. Defendant's Motion to Dismiss the Second Amended Complaint [DE 36] is **GRANTED**.

2. The Second Amended Complaint [DE 35] is **DISMISSED WITH PREJUDICE**.

3. The Clerk of Court is instructed to **CLOSE THIS CASE**. All pending deadlines are **TERMINATED**, all hearings are **CANCELLED**, and all pending motions are **DENIED AS MOOT**.

**DONE AND ORDERED** in Chambers, West Palm Beach, Florida, this 10th day of October, 2019.

ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of record